EDWARD WILLIAMS, APPELLANT, v. SAFETY SAVINGS & LOAN ASSN., RESPONDENT.—58 S. W. (2d) 787.

Kansas City Court of Appeals. March 6, 1933.

136

*Louis D. Tolle* for appellant.

*Meredith & Harwood* for respondent.

BOYER, C.—This is an appeal from an order overruling a motion to vacate the appointment of a receiver. The appeal was allowed to the Supreme Court and reached this court by transfer on jurisdictional grounds.

The record and statements of counsel show the antecedent relation of the parties and the sequence of events leading to the present controversy. They are the following: Plaintiff and his wife were joint tenants and as such owned a residential property in Kansas City. In August, 1927, they executed a deed of trust on the property which they owned by the entirety to secure the payment of a large sum to defendant. Conditions of the deed of trust were broken by failure to pay taxes and monthly installments required to be paid by the owners.

On March 11, 1932, the real estate in question was sold by the trustee under the terms of the deed of trust. Defendant was the owner of the debt so secured and became the purchaser of the property. At the time of sale plaintiff alone gave notice of his intention to redeem. There was no application to redeem filed until April 2, 1932, at which time, and in pursuance to notice, plaintiff filed his application to redeem together with a bond. The wife of plaintiff was not a party. Thereafter the court heard the application, denied it, disapproved the bond, and dismissed the case. From that ruling the plaintiff was allowed an appeal to this court, but there is no record in this court of that appeal and it was evidently abandoned. Thereafter and on May 4, 1932, defendant applied for and the court appointed a receiver to take possession of the property sold, preserve the property and require any occupant thereof to pay rent in the sum not less than $60 per month, and to have said rents and profits subject to the order of the court. Plaintiff then filed his motion to vacate the order appointing the receiver. The court heard evidence upon the motion and overruled it, from which order the present appeal is prosecuted. After the receiver was appointed the wife of

plaintiff remained in possession of the property, and the defendant instituted and is prosecuting an action of unlawful detainer against her.

The first point urged is that the court had no jurisdiction to. appoint a receiver after an appeal was allowed from the action of the court on the application and bond to redeem. The statute conferring the right of redemption, and prescribing the required and incidental procedure, provides for speedy and summary action upon the right of the applicant to give bond and make redemption, and further provides:

"The court, or judge thereof, at discretion may at such hearing or consideration of such bond or at any time during the redemption period of one year appoint a receiver to take charge and possession of and preserve the property so sold and to have the rents and profits thereof subject to the orders of the court, and the net result therefrom shall belong to the owner of the equity of redemption if redemption be made otherwise to the purchaser at such sale." [Sec. 3064, R. S. 1929.]

Here is unconditional power for the exercise of discretion in the appointment of a receiver at any time during the redemption period. This statute is a law unto itself and affords authority for a receiver independent of an appeal which may arise upon an application to redeem. Further, the appointment of a receiver after an appeal has been allowed is authorized under another section of the civil code. [Sec. 998, R. S. 1929; State ex rel. Allen v. Guthrie, 245 Mo. 144, 152, 149 S. W. 305; State ex rel. Elam v. Henson, 217 S. W. 17.]

The judgment of the court denying the right to redeem and rejecting the bond was evidently correct. The evidence heard at that time is not shown, but it appears from the application itself, and from the date of its filing, that it was not filed within the required time after the foreclosure sale. Under the statute when the application and bond are not filed within twenty days "the same shall be taken and deemed as finally rejected and disapproved." The appeal from that judgment was without merit. It was not prosecuted, and plaintiff should not be permitted to use it in this proceeding as a means of attack or defense.

The cases relied upon by appellant are not applicable and do not pertain to the appointment of a receiver under conditions present in the case at bar. A sufficient answer to the contention of appellant is the fact that the controlling statute expressly authorized the appointment of a receiver at discretion and at any time during the redemption period without condition or limitation.

It is urged that the application for the appointment of a receiver was insufficient because it did not allege the insolvency of plaintiff and that the real estate was being wasted and the security of the debt destroyed. There is nothing in the statute requiring such allegations and the only facts necessary to invoke action would be such that

would bring the case within the statute. The solvency or insolvency of the party prosecuting an application to redeem does not appear to be material. After hearing the case and determining that the plaintiff had no right to redeem, the circuit court in the exercise of discretion had a clear right to appoint a receiver to take charge of the property claimed by the applicant and to preserve said property and the rents for the benefit of the person entitled thereto, notwithstanding the solvency of the party seeking to redeem. Furthermore, all jurisdictional facts required by the statute in question appear in the application for the receiver, and the application also states that plaintiff breached the conditions of the deed of trust, was nineteen months in arrears in payments of installments, and was in default in the payment of taxes in the approximate amount of $500; that at the foreclosure sale defendant was the only bidder; that no sufficient bond executed by any person entitled to redeem with at least one good surety was filed or presented within the time required by law, and that after the bond was rejected plaintiff attempted an appeal without giving a bond in appeal. It is further stated that the total amount of indebtedness was in excess of $7000, plus delinquent taxes, which nearly approximates the value of the property; that the plaintiff continues to occupy the property without payment of any part of the debt and without the payment of rent; and that defendant would suffer irreparable damage unless a receiver be appointed. The application was sufficient, and if the court found the facts as alleged it was clearly authorized to make the appointment.

It is further insisted that the court was without authority to appoint a receiver for property constituting an estate by the entirety; that appellant had no individual interest in or right to the possession of the property, but the wife was entitled to the entire right of possession; that she was not before the court and there was nothing for the receiver to possess. This proposition is inconsistent and untenable. It involves a change of position on the part of plaintiff from that taken when he initiated the proceeding to redeem. If plaintiff had no individual interest in the property, then he had no right to apply for redemption. If he had an estate to redeem, he had one for the receiver to take and preserve. Plaintiff was asserting an interest in the property and should be held to the position he occupied in the court below. It would be anomalous to permit him to deny the jurisdiction which he invokes.

Appellant erroneously assumes the continuous existence of an estate by the entirety. There was no estate of that character after foreclosure. The application to redeem was an admission that title had passed and that ultimate loss would attend a failure to redeem. Redemption, under the statute, is a repurchase as well as a ransom from debt. The rights and interests of the parties must be measured as they existed after the sale and not as they were before. The deed

of trust and the foreclosure sale changed the previous estate, and in the absence of action that would revive or recreate a joint tenancy there could be no estate by the entirety after the sale. The wife took no action to redeem and as to her the sale was a finality. The plaintiff elected to proceed individually in an attempt to redeem, but failed to comply with the law in that behalf. His abortive effort could not rehabilitate the previous estate.

Appellant has failed to show error. The appeal is without merit and the judgment should be affirmed. The Commissioner so recommends. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of Boyer, C., submitted to the court February 28, 1933, is adopted as the opinion of the court. The judgment is affirmed. All concur.