**MIF REALTY, Respondent,**

v.

**William H. PICKETT, Appellant.**

**No. WD 53655.**

Missouri Court of Appeals,
Western District.

Dec. 16, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 1998.

Application for Transfer Denied
March 24, 1998.

SPINDEN, Judge.

William H. Pickett appeals the circuit court's denial of his motion to revoke the receivership of commercial property he owned. We affirm.

On November 6, 1984, Pickett executed a promissory note to finance his purchase of an office building at 417 East 13th Street in Kansas City. He executed a first deed of trust and an assignment of rents agreement. The original lender was Safety Federal Savings and Loan which later merged with Home Federal Savings and Loan. Resolution Trust Corporation later assumed control of Home Federal, and MIF Realty acquired by assignment Pickett's promissory note, deed of trust, and assignment of rents. The original note became due in November 1994, but Pickett and MIF Realty agreed to extend the note to October 31, 1995.

When Pickett did not pay the note on October 31, 1995, MIF Realty decided to foreclose under the deed of trust. Pickett indicated that he intended to obtain other financing to pay off the loan and notified MIF Realty of his intent to redeem the property pursuant to § 443.410.[1] MIF Realty cancelled a foreclosure sale.

When Pickett did not obtain refinancing, MIF Realty sued him on February 27, 1996. In Count I, MIF Realty charged Pickett with breaching their agreement concerning assignment of rents. In Count II, MIF Realty asked the circuit court to appoint a receiver to collect rents and to manage the property while the lawsuit was pending. The circuit court appointed a receiver on March 30, 1996.

After the receiver began his duties, MIF Realty again initiated foreclosure proceedings. Pickett again notified MIF Realty of his intent to redeem the property, but MIF Realty proceeded with foreclosure. MIF Realty purchased the property at the foreclosure sale on May 21, 1996.

On June 7, 1996, Pickett notified MIF Realty and the property's trustee that he intended to file with the circuit court a statutory redemption bond pursuant to § 443.430 and to reclaim the property. On June 10, 1996, the circuit court approved a $165,749.33

Cynthia L. Reams, Kansas City, for respondent.

David T. Greis, Kansas City, for appellant.

Before ULRICH, C.J., and BRECKENRIDGE and SPINDEN, JJ.

1. All citations to statutes refer to the 1994 Revised Statutes of Missouri.

bond filed by Pickett, but it also required him to deposit a cash bond in the same amount by June 24, 1996, as a substitute for the original bond. Pickett filed the cash bond as required. On August 28, 1996, the circuit court granted MIF Realty's motion to expand the basis for appointment of the receiver under § 443.430 and postponed further action on the case until after the date for redemption on May 21, 1997.

On September 20, 1996, Pickett asked the circuit court to revoke the receivership. The circuit court denied the motion on November 19, 1996, and Pickett appealed.

■ Pickett contends that the circuit court erred in denying his motion to revoke the receivership. He asserts:

A receiver may not be appointed in a case where the sole basis for the suit is the appointment of a receiver, but can only be appointed as ancillary to an underlying cause of action. There is no underlying cause of action in this case, not only because the document which ostensibly forms the basis of the suit is itself merely ancillary to and a method of enforcing a real estate loan, but because by the evidence presented by MIF [Realty] in the hearing below ..., there has never been any breach of the agreement to assign rents.

He argues, on the basis of *United Cemeteries Company v. Strother*, 342 Mo. 1155, 119 S.W.2d 762, 767 (1938), that the circuit court can appoint a receiver only when the appointment is ancillary "in aid of an action pending for some other purpose," but it cannot be for "an ordinary action at law to recover a money judgment." He asserts that, because MIF Realty's action for breach of contract was to recover a money judgment, *United Cemeteries'* teaching is that the circuit court's appointment of a receiver was inappropriate.

Unlike the situation in *United Cemeteries*, however, Pickett contracted in the assignment of rents agreement for appointment of a receiver in the event that he defaulted on payment of the promissory note. The agreement said:

5.... Upon the occurrence of an Event of Default ..., [Pickett's] right to collect and retain the Rents ... shall immediately terminate. Assignee will have the right at its option to enforce and to exercise any or all of its rights under this Assignment or otherwise.

5.1. In such event, and upon Assignee's election, [Pickett] shall deliver to Assignee all of the Contracts [for leases of the property]. Any oral Contracts shall be described in a writing delivered by [Pickett] to Assignee.

5.2. Assignee, at its option, and without any further notice whatsoever to [Pickett], shall have the right and is hereby authorized to: (a) take possession and control of the Property; (b) manage and operate the property; ... (e) collect all Rents from the Property; ... (m) have a receiver appointed; ... and (o) use such measures, legal or equitable, as in its sole direction may carry out and effectuate the provisions of this Assignment.

Pickett does not dispute that he was in default. He claims, however, that MIF Realty was obligated to notify him of its election to enforce the assignment of rents agreement and that this was a condition precedent to its right to enforce the assignment. We disagree.

The contract gave Pickett notice of MIF Realty's rights. It stated that MIF Realty had the option of proceeding with any of the remedies delineated "without further notice whatsoever." Had Pickett desired notice, he could have bargained for its inclusion in the contract.

Missouri courts are committed to the freedom of contract.[2] For example, in affirming the rights of parties to waive in a contract

---

**2.** See *High Life Sales Co. v. Brown–Forman Corp.*, 823 S.W.2d 493 (Mo. banc 1992) (holding that freedom to contract for a forum selection clause, as long as it was not unfair or unreasonable, overrides public policy in guaranteeing access to courts); *Alack v. Vic Tanny Int'l of Mo., Inc.*, 923 S.W.2d 330 (Mo. banc 1996) (holding that party's right to sue for personal injuries from future negligence can be waived by contract); *McCarney v. Nearing, Staats, Prelogar and Jones*, 866 S.W.2d 881 (Mo.App.1993) (holding that written agreement to arbitrate, giving up the right to present claim to judiciary, is enforceable).

their rights to a jury trial without compliance with Rule 69.01(b), the Supreme Court said:

> Our courts have held that a party may contractually relinquish fundamental and due process rights.... If the contract terms are unequivocal, plain, and clear, the court is bound to enforce the contract as written. *Smith v. Lockwood*, 907 S.W.2d 306, 308 (Mo.App.1995). It is a well-established principal of contract construction that, when a contract is clear, the court is bound to enforce the terms as written, *CIT Group/Equip. v. Integrated Fin. Serv.*, 910 S.W.2d 722, 729 (Mo.App.1995), in the absence of a showing that the contract was procured by fraud, duress, or undue influence. *Monticello Bldg. Corporation v. Monticello Inv. Co.*, [330 Mo. 1128] 52 S.W.2d 545, 551 (1932). A contract is not enforceable if it is illegal, *King v. Moorehead*, 495 S.W.2d 65, 77 (Mo.App.1973), or violates public policy, *First Nat. Ins. Co. of America v. Clark*, 899 S.W.2d 520, 521 (Mo. banc 1995). We are persuaded that businesses and individuals should have the ability to agree to waive a jury if a lawsuit arises from their contract. Courts should not interfere with a party's right to contract so long as the contract is not otherwise void.

*Malan Realty Investors, Inc., v. Harris*, 953 S.W.2d 624, 626–27 (Mo. banc 1997). In *Malan*, however, the Supreme Court required that the validity of a contractual waiver be determined according to whether the waiver was "knowingly and voluntarily made, a requirement designed to protect against overreaching and inequitable bargaining positions." *Id.* In making such a determination, the Supreme Court examined whether the waiver language was "clear, unambiguous, unmistakable, and conspicuous" and whether the parties had equal bargaining power. *Id.* at 627.

We find no evidence that Pickett was under any bargaining disadvantage when he entered into the agreements to purchase the property. Pickett is an attorney. We presume that he understood the importance of reading the agreements and was able to understand them. The contract clearly, unambiguously and unmistakably set out appointment of a receiver as a remedy. Had Pickett desired other terms he should have negotiated for them in what appears to have been an "arms-length," commercial business transaction.

Missouri courts have not addressed directly the issue of whether a contract which provides the basis for appointment of a receiver independent of compliance with Rule 68.02,[3] or § 515.240[4] is enforceable. Although the Supreme Court has said that parties cannot consent to the appointment of a receiver and thereby confer jurisdiction on the court, those cases did not involve a pre-existing agreement providing for appointment of a receiver. *See United Cemeteries*, 119 S.W.2d at 767, and *Laumeier v. Sun-Ray Products Co.*, 330 Mo. 542, 50 S.W.2d 640, 643 (1932). Other jurisdictions have held that such contracts are enforceable. *See Minnesota Hotel Company, Inc., v. ROSA Development Company*, 495 N.W.2d 888 (Minn.App.1993); *Norwest Bank Des Moines, N.A. v. Bruett*, 432 N.W.2d 711 (Iowa App.1988). Given the Supreme Court's decision in *Malan*, we find that the contract's provision for appointment of a receiver before foreclosure and redemption proceedings was enforceable.

Pickett also complains that the circuit court erred in expanding the basis for ap-

**3.** Rule 68.02(a) says, "Whenever in a pending legal or equitable proceeding it appears to the court that a receiver is necessary to keep, preserve and protect any business, business interest or property, including money or other thing deposited in court or the subject of a tender, the court, or any judge thereof in vacation, may appoint a receiver whose duty it shall be to keep, preserve and protect, to the extent and in the manner that the court may direct, that which the receiver is ordered to take into the receiver's charge."

**4.** Section 515.240 says, "The court, or any judge thereof in vacation, shall have power to appoint a receiver, whenever such appointment shall be deemed necessary, whose duty it shall be to keep and preserve any money or other thing deposited in court, or that may be subject of a tender, and to keep and preserve all property and protect any business or business interest entrusted to him pending any legal or equitable proceeding concerning the same, subject to the order of the court."

pointing a receiver under § 443.430 after approving a redemption bond. He contends that the circuit court had no evidence which justified appointment of a receiver under § 443.430; therefore, he was denied due process when the receiver was appointed without an evidentiary hearing. We disagree.

Sections 443.410–.440 provide the means for persons to redeem property. Under § 443.410, a property owner must give notice of intent to redeem within 10 days before a trustee's sale, and § 443.420 requires that within 20 days after the sale the property owner give a bond to cover interest on the debt accumulated before and for one year after the sale, legal charges and costs of the sale, and allowance for damages for waste of the property during the redemption period. Section 443.430 provides for the motion or application for approval of the redemption bond. The matter of approving of a bond is a ministerial, not a judicial act, from which no right of appeal lies. *Reynolds v. Justice*, 228 Mo.App. 246, 66 S.W.2d 169, 171–72 (1933).[5] Section 443.430 also provides for appointment of a receiver during the redemption period:

> The court at [its] discretion may at such hearing or consideration of such bond or at any time during the redemption period of one year appoint a receiver to take charge and possession of and preserve the property so sold and to have the rents and profits thereof subject to the orders of the court, and the net result therefrom shall belong to the owner of the equity of redemption if redemption be made, otherwise to the purchaser at such sale.

In determining the propriety of appointing a receiver, the circuit court has "unconditional power for the exercise of discretion in the

appointment of a receiver at any time during the redemption period." *Williams v. Safety Savings & Loan Association*, 228 Mo.App. 135, 58 S.W.2d 787, 789 (1933) (interpreting language virtually identical to § 443.430).

Pickett does not specifically allege that the circuit court abused its discretion in appointing a receiver, but he contends that failure to hold an evidentiary hearing deprived him of his due process rights. He also contends that MIF Realty did not allege any grounds which justified appointment of a receiver after his posting a cash bond for the property's redemption.

Section 443.430 does not require an evidentiary hearing before appointment of a receiver in this situation. Nor does the statute require an applicant for appointment of a receiver to allege that the property owner is insolvent or that the real estate was being wasted. *Williams*, 58 S.W.2d at 789. Because the earlier proceedings in this case were held before the same judge who ordered the additional grounds for appointment of the receiver under § 443.430, the circuit court was fully aware of the facts relating the case.[6] Section 443.430 grants the circuit court discretion in deciding whether to appoint a receiver. We do not perceive an abuse of discretion by the court.

Although Pickett now claims that the circuit court's failure to hold a hearing infringed on his due process rights to collect rents during the redemption period, he did not make that allegation at an opportune time consistent with orderly due process. He never moved for a hearing on the motion. Hence, he did not preserve his complaint of a violation of due process for our review. "Constitutional issues are waived unless

---

5. Construing statutory language identical to § 443.430, the Reynold's court drew a distinction that determination of the right to redeem and the right to give a bond was a judicial act.

6. Though not addressed by either party, the circuit court certainly had before it the assignment of rents agreement which contained a provision which said, "No judgment or decree which may be entered on any debt secured or intended to be secured by the Loan Documents shall lessen the effect of this instrument, but this Assignment shall continue in full effect until the full payment and discharge of (a) all indebtedness and liability

secured by the Loan Documents, and (b) all expenses incurred by Assignee relating to the Property. This Assignment shall remain in full effect during the pendency of any foreclosure proceedings under any of the other Loan Documents, both before and after sale, until the issuance of a deed to the foreclosure sale purchaser." In keeping with our holding that the court may enforce the terms of the contract, the court could have properly considered the impact of this clause on the rights of the parties during the redemption period.

raised at the earliest possible opportunity consistent with orderly procedure." *Hollis v. Blevins,* 926 S.W.2d 683 (Mo. banc 1996). To have preserved his constitutional claim, Pickett should have asserted the claim in his opposition to MIF Realty's motion.[7]

■ Even had Pickett raised his claim at the proper time, we would not rule in his favor because he has not made any factual showing of how the failure to hold a hearing deprived him of due process of law. *Gilliam v. Chicago and North Western Transportation Company,* 859 S.W.2d 155, 162 (Mo.App. 1993). Rule 84.13(b) says, "No appellate court shall reverse any judgment unless it finds that error was committed by the trial court against the appellant materially affecting the merits of the action." Pickett alleges that failure to hold a hearing deprived him of the use of his property, but he has not made a factual showing of what difference holding a hearing would have made to the court's decision on the merits of the issue. Nor has he articulated what evidence he would have presented or argument he would have made that was not otherwise presented through Pickett's suggestions in opposition to the motion.

Although Pickett contends that he was entitled to the use of the rents and profits during the redemption period and that appointment of a receiver deprived him of that use, he does not allege how the appointment materially affected the outcome of the action. Section 443.430 provides that the "net result" of the collection of rents and profits by the receiver shall belong to the "owner of the equity of redemption if redemption be made." When Pickett redeemed the property, he was entitled to the rents and profits collected by the receiver. If Pickett failed to redeem the property, MIF Realty was entitled to them as purchaser of the property at the foreclosure sale. By appointing a receiver, the circuit court merely was safeguarding those funds for the benefit of the party entitled to them at the end of the redemption period.

We, therefore, affirm the circuit court's judgment denying revocation of the receivership.[8]

ULRICH, C.J., P.J., and BRECKENRIDGE, J., concur.

---

7. Pickett also did not endeavor to take advantage of the 16th Judicial Circuit's Rule 33.5.1 which says, "Any party may request or the court on its own motion may direct that a hearing ... be conducted on a motion[.]"

8. Because we affirm the judgment of the circuit court, we need not address MIF Realty's motion to dismiss the appeal for mootness.