**Charles U. BROWN, Jr. and James A. Ryan, Plaintiffs/Respondents,**

v.

**Moumen KUZIEZ, Defendant/Appellant.**

**No. ED 76759.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 2, 2000.

Alan J. Baker, St. Louis, for appellant.

Edward M. Roth, St. Louis, for respondent.

Before WILLIAM H. CRANDALL, Jr., P.J., MARY K. HOFF, J. and JAMES A. PUDLOWSKI, Sr. J.

### ORDER

PER CURIAM.

Defendant, Moumen Kuziez, appeals from the judgment denying his motion to set aside a default judgment. No error of law appears and an opinion would have no precedential value. However, the parties have been provided with a memorandum for their information only, setting forth the reasons for this order.

The judgment is affirmed. Rule 84.16(b).

■

**Horace TINCH and Gerald Clark, Appellants,**

v.

**STATE FARM INSURANCE COMPANY, Respondent.**

**No. ED 77168.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 2, 2000.

James E. Lownsdale, St. Louis, for appellant.

Curtis R. Wilson, Kevin P. Schnurbusch, St. Louis, for respondent.

ROBERT G. DOWD, Jr., Judge.

Horace Tinch and Gerald Clark (Tinch) appeal from the trial court's grant of summary judgment in favor of State Farm Insurance Company (State Farm). Tinch argues the trial court erred because (1) there is a genuine issue of material fact as to whether the insurance policy was in effect at the time of the accident, and (2) the driver exclusion clause contained in the insurance policy is against public policy. We affirm.

Tinch's father purchased an insurance policy from State Farm. The policy contained a "Driver Exclusion Endorsement" which stated:

In consideration of the premium charged for your policy it is agreed we shall not be liable and no liability or obligation of any kind shall attach to us for any bodily injury loss or damage under any of the coverages of the policy while any motor vehicle is operated by Horace A Tinch.

The policy also contained a clause relating to renewal. The clause stated:

Unless within 59 days of the policy effective date, we mail or deliver a notice of cancellation to you, we agree:

a. to continue it in force until the end of the current policy period; and

b. unless we mail to you written notice of our intention not to renew, to renew the policy for the next policy period upon your payment of the renewal premium. It is agreed that the renewal premium will be based upon the rates in effect, the coverages carried, the applicable limits of liability, deductibles and other elements that affect the premium that apply at the time of renewal.

The policy further states its "policy period" as "FEB–22–95 TO JUL–01–95." The custodian of records at State Farm certified that the policy described above was in effect on the accident date of January 13, 1996.

On January 13, 1996, Tinch was driving a vehicle owned by his father when he was involved in a motor vehicle collision with an uninsured driver. Tinch and his passenger, Gerald Clark, presented a claim to State Farm for medical payments. State Farm denied the claim. Tinch sued to recover medical payment benefits from the accident. The trial court granted State Farm's motion for summary judgment and dismissed the case with prejudice. This appeal follows.

When considering appeals from summary judgments, we will review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.1993). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* We accord the non-movant the benefit of all reasonable inferences from the record. *Id.* Because the granting or denial of a motion for summary judg-

ment is purely an issue of law, and because the trial court's decision is founded on the same record that we are to consider, we need not give the trial court's judgment any deference. *Id.* Our review is essentially *de novo. Id.* The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining inferences from the record. *Id.*

Summary judgment is designed to permit the trial court to enter judgment, without delay, where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. *Id.* (citing Rule 74.04). The burden on summary judgment movant is to show a right to judgment flowing from facts about which there is no genuine dispute. *Id.*

When the movant is a defending party, movant may establish a right to judgment by showing (1) facts that negate any one of the claimant's elements facts; (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements; or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly pleaded affirmative defense. *Id.* at 381. When, and only when, the movant has made the prima facie showing required by Rule 74.04(c), Rule 74.04(e) places burdens on the non-movant. *Id.* An adverse party may not rest upon the mere allegations or denials of his pleading; but in his response, by affidavits or as otherwise provided in this Rule 74.04, shall set forth specific facts showing that there is a genuine issue for trial. *Id.* (citing Rule 74.04(e)).

Thus, once a movant has met the burden imposed by Rule 74.04(c) establishing a right to judgment as a matter of law, the non-movant's only recourse is to show—by affidavit, depositions, answers to interroga-

tories, or admissions on file—that one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed. *Id.* A "genuine issue" exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts. *Id.* at 382. Arguments by a non-movant that a question of fact exists on the basis of the documents supplied by the movant may be of some help to the court in determining whether the movant has made the prima facie showing required by Rule 74.04(c). *Id.* at 387. Once the court is satisfied that the prima facie case is made, however, the mandate of Rule 74.04(e) is clear. *Id.* The non-movant must supplement the record. *Id.*

In his first point, Tinch argues the trial court erred because there is a genuine issue of material fact as to whether the policy was in effect at the time of the accident. Tinch further argues State Farm did not demonstrate that the insurance contract was the contract in effect, citing specific references to the pleadings, discovery or affidavits. We disagree.

■ Disputes arising from interpretation and application of insurance contracts are matters of law for the court where there are no underlying facts in dispute. *Geisner v. Budget Rent A Car of Missouri,* 967 S.W.2d 95, 96 (Mo.App. E.D.1998). If the language of the insurance policy is clear and unambiguous, this court does not have the power to rewrite the policy for the parties and must construe the policy as written. *Id.*

We look to the language of the policy to interpret the insurance contract. The policy clearly states that it will be renewed upon payment of a premium for the next policy period. The contract indicated the policy period was from February 22, 1995 to July 1, 1995. A renewal payment would have made the policy effective for the following period. We find, based on the findings of the trial court, that the insurance

contract with a driver exclusion endorsement signed by Tinch's father was before the trial court. The evidence shows the "Driver Exclusion Endorsement" was part of the insurance contract. Tinch failed to refute this by supplementing the record as required under Rule 74.04(e). Because Tinch did not properly rebut State Farm's prima facie case for summary judgment by supplementing the record, the trial court did not err in granting State Farm's motion for summary judgment. We find there is no genuine issue of material fact, and State Farm is entitled to judgment as a matter of law.

▪ Tinch further argues there is a genuine issue of material fact as to whether the driver exclusion is invalid. Tinch asserts the exclusion was not supported by consideration. We disagree.

▪ The exclusion states that it is "[i]n consideration of the premium charged ...." A recitation of the consideration on which an agreement is based is prima facie evidence that sufficient consideration existed. *Hammons v. Ehney*, 924 S.W.2d 843, 850 (Mo.1996). Under this theory, a presumption is created that consideration exists, which must be overcome by evidence to the contrary. *Id.* Tinch presents no evidence of a lack of consideration.

▪ Tinch also argues that State Farm is estopped from asserting the driver exclusion because State Farm had settled a previous claim under Tinch's father's policy with Tinch in which Tinch was driving. We disagree.

▪ Equitable estoppel arises from the unfairness of allowing a party to belatedly assert known rights on which the other party has, in good faith, relied thereby and become disadvantaged. *Shores v. Express Lending Services, Inc.*, 998 S.W.2d 122, 127 (Mo.App. E.D.1999). This defense consists of three elements: (1) an admission, statement, or act by the person to be estopped that is inconsistent with the claim that is later asserted and sued upon; (2) an action taken by a second party on the faith of such admission, statement or act; and (3) an injury to the second party which would result if the first party is permitted to contradict or repudiate his admission, statement, or act. *Id.* The party who asserts equitable estoppel must establish each element by clear and satisfactory evidence and we restrict the application of the doctrine to cases in which each element clearly appears. *Id.* Estoppel is not a favorite of the law and will not arise unless justice to the rights of others demands it. *Id.* The doctrine of estoppel may not be employed to create coverage where it otherwise does not exist. *Magruder v. Shelter Ins. Co.*, 985 S.W.2d 869, 873 (Mo.App. W.D.1998).

Here, there is nothing in the facts to show Tinch relied on State Farm's coverage of the first accident. Tinch contends that because State Farm paid for claims based on a March 3, 1993 accident, Tinch relied on the fact that claims from later accidents would also be paid. This argument is flawed because a settlement of the March 3, 1993 accident claim did not occur until December 13, 1996—after Tinch's January 13, 1996 accident. Tinch could not have relied on the payment because it did not occur until after the accident at issue here. As a matter of law, the elements of equitable estoppel cannot be met. Point denied.

▪ In his second point, Tinch argues the trial court erred because the driver exclusion is against public policy because it violates the Motor Vehicle Financial Responsibility Law (MVFRL). Tinch contends because it violates public policy he should be covered for his medical expenses. We disagree.

The Motor Vehicle Financial Responsibility Law (MVFRL) establishes minimum coverage required for car owners in Missouri. Section 303.190.2, RSMo 1994, states that motor vehicle liability policies must provide:

> twenty-five thousand dollars because of bodily injury to or death of one person in any one accident and, subject to

said limit for one person, fifty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and ten thousand dollars because of injury to or destruction of property of others in any one accident.

■ An insurance clause violates public policy and is rendered unenforceable only to the extent it violates the MVFRL. *Halpin v. American Family Mut. Ins. Co.*, 823 S.W.2d 479, 482–483 (Mo.1992). The purpose served by the MVFRL is to make sure that people who are injured on the highways may collect damage awards, within limits, against negligent motor vehicle operators. *Id.* at 482. In *Mercantile Bank of St. Louis v. Benny*, 978 S.W.2d 840 (Mo.App. W.D.1998), the court found a driver exclusion policy did not violate the MVFRL and therefore did not violate public policy. *Id.* at 845. The *Benny* court reasoned that the MVFRL did not require collision coverage so an exclusion clause that denied collision coverage did not violate public policy. *Id.*

Here, Tinch is requesting coverage for medical expenses. The MVFRL does not require a Missouri driver to carry coverage for medical expenses. The MVFRL requires a Missouri driver to carry liability coverage for bodily injury to make sure that people who are injured on the highways may collect damage awards against negligent motor vehicle operators. Its purpose is not to cover negligent drivers' own medical expenses. We find, similarly to the *Benny* court, that since the MVFRL doesn't require coverage of medical expenses—only liability coverage of bodily injury—that coverage of medical expenses can be excluded through a driver exclusion without violating the MVFRL's and Missouri's public policy. Point denied.

Judgment affirmed.

CRANE, P.J., and SULLIVAN, J., concur.