# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3246
_____

Matthew Leonard

*Plaintiff - Appellant*

v.

Delaware North Companies Sport Service, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 6, 2017
Filed: June 27, 2017

_____

Before COLLOTON and BENTON, Circuit Judges, and GERRARD,[1] District Judge.

_____

BENTON, Circuit Judge.

Matthew Leonard says the volunteer release agreement he signed is unconscionable and lacks consideration. He objects to arbitration with Delaware

_____

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska, sitting by designation.

North Companies Sport Service, Inc. (DNCS). The district court[2] compelled arbitration and dismissed Leonard's case without prejudice. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

DNCS operates concessions at Busch Stadium in St. Louis. On May 30, 2013, Leonard volunteered as a concession worker for DNCS to raise funds for Washington University. He was not paid for his labor, but DNCS made a $1,096.57 donation to the university. The donation, he claims, violated the federal and state minimum wage. Three weeks earlier, Leonard had signed a one-page Volunteer Release, Waiver and Indemnification Agreement. It states, "In consideration for being allowed to participate in certain volunteer fund raising and labor activities (the "Activity") . . . the Participant agrees . . . to submit any dispute arising from the Activity to binding arbitration."

Leonard sued in state court claiming violations of minimum wage laws, as well as fraud. On appeal, he argues the agreement is void because it is unconscionable and lacks consideration. Even if the agreement is valid, he contends that his fraud claim is not governed by the arbitration provision.

This court reviews de novo a district court's decision to compel arbitration. *Pleasants v. Am. Exp. Co.*, 541 F.3d 853, 857 (8th Cir. 2008). Factual findings are reviewed for clear error. *Torres v. Simpatico, Inc.*, 781 F.3d 963, 968 (8th Cir. 2015). "[A]rbitration is a matter of contract." *Id.* (internal quotation marks omitted), *quoting AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). A written agreement to arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." **9 U.S.C. § 2**. "Doubts are resolved in favor of arbitrability." *Cicle v. Chase Bank USA*, 583 F.3d

---

[2]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

549, 554 (8th Cir. 2009). But general contract defenses may invalidate arbitration agreements. *Id.*, *quoting* ***Doctor's Assocs., Inc. v. Casarotto***, 517 U.S. 681, 687 (1996).

Leonard first argues the agreement is unconscionable. Under Missouri law, the procedural and substantive aspects of the contract "considered together" determine conscionability. ***Eaton v. CMH Homes, Inc.***, 461 S.W.3d 426, 433 (Mo. banc 2015). Procedural unconscionability involves the contract formation process; substantive unconscionability refers to undue harshness in the terms of the contract. ***Pleasants***, 541 F.3d at 857-58, *citing* ***Whitney v. Alltel Commc'n, Inc.***, 173 S.W.3d 300, 308 (Mo. App. 2005). To determine unconscionability, this court considers the totality of the circumstances. ***Cicle***, 583 F.3d at 554. Unconscionability is "an inequality so strong, gross, and manifest that it must be impossible to state it to one with common sense without producing an exclamation at the inequality of it." ***Eaton***, 461 S.W.3d at 432 (internal quotation marks omitted).

Leonard relies on the *Brewer* case, but his circumstances are not analogous. *See* ***Brewer v. Missouri Title Loans***, 364 S.W.3d 486, 487 (Mo. banc 2012). Leonard's agreement covers a one-night volunteer activity. Brewer's addressed a title loan with a 300 percent annual interest rate. ***Id.*** Brewer's contract was difficult to understand and non-negotiable. ***Id.*** at 493. The district court finds Leonard's agreement easy to understand, with no evidence that it is non-negotiable. Brewer's agreement had a "particularly onerous provision" that retained self-help and judicial measures for the title company to repossess his automobile. ***Id.*** at 494-95. The district court finds Leonard's agreement has no similar threat to basic necessities. Leonard emphasizes that the agreement was a preprinted form, but ignores that after signing it, he had three weeks to withdraw. Based on the totality of the circumstances, Leonard's agreement is not unconscionable.

Leonard also argues that the agreement lacks consideration. Consideration may be either a benefit or a detriment. ***Earl v. St. Louis Univ.***, 875 S.W.2d 234, 236 (Mo.

App. 1994). This detriment may be an agreement to do something a person is not legally bound to do, or not do something a person has the legal right to do. *Id.* An agreement's recitation of consideration creates a presumption it exists. *See Tinch v. State Farm Ins. Co.*, 16 S.W.3d 747, 751 (Mo. App. 2000).

True, the promise of at-will employment is not sufficient consideration for an arbitration agreement. *Jimenez v. Cintas Corp.*, 475 S.W.3d 679, 684 (Mo. App. 2015). The consideration here is Leonard giving up his right to sue in return for his opportunity to volunteer and DNCS's contribution to Washington University, something neither was legally bound to do. *See Earl*, 875 S.W.2d at 236. Leonard fails to overcome the presumption of consideration.

Leonard believes that the arbitration clause, even if valid, does not cover his fraud claim. This court liberally construes valid arbitration clauses. *Unison Co. v. Juhl Energy Dev., Inc.*, 789 F.3d 816, 818 (8th Cir. 2015). Doubts are resolved in favor of arbitration unless the "arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1199 (8th Cir. 2008).

The language "any dispute arising from the Activity" is broad. *See Unison*, 789 F.3d at 819. With a broad clause, a claim goes to arbitration if the "underlying factual allegations simply touch matters covered by the arbitration provision." *Id.* at 818. Leonard claims he was defrauded from the minimum wage. This claim depends on whether he is a volunteer or an employee. Leonard's underlying factual allegations touch matters covered by the arbitration provision.

* * * * * * *

The judgment is affirmed.

_____

-4-