Ernest RICHARDSON, Plaintiff–
Appellant,

v.

FARM BUREAU TOWN & COUNTRY
INSURANCE COMPANY, et al.,
Defendant–Respondent.

No. 66262.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 11, 1995.

Rehearing Denied May 31, 1995.

Robert J. Lenze, Haller, Leonard & Lenze, P.C., Clayton, for appellant.

Russell F. Watters, T. Michael Ward, David P. Bub, Brown & James, P.C., St. Louis, for respondent.

KAROHL, Judge.

Ernest Richardson sued Great West Casualty Company to recover for the death of his daughter under uninsured motorist provisions of two Commercial Lines Policies. The policies were issued by Great West to Red Arrow Corporation and related companies as the named insured(s). Red Arrow leased some commercial vehicles from E & D Trucking, a fictitious business name of plaintiff and his wife, Debbie. The trial court granted a summary judgment to Great West on each policy.

We find no error, primarily because plaintiff's daughter died in a pick-up truck in a one-vehicle accident. The pick-up truck was owned and insured by plaintiff with Farm Bureau Town & Country Insurance Company. The negligent driver also died in the accident. He was an unauthorized driver who was not protected by the policy. However, uninsured motorist provisions in Great West's policies are inapplicable because the pick-up truck owned by plaintiff was for family use and was an insured vehicle.

An "uninsured motor vehicle" refers to a vehicle whose operator or owner did not have in effect at the time of the accident an automobile liability policy with respect to

the motor vehicle involved in the accident. *Harrison v. MFA Mutual Insurance Company,* 607 S.W.2d 137, 144 (Mo. banc 1980). The uninsured motorist statute was intended to cover an insured who is injured as a result of the tortious act of a motorist operating an uninsured motor vehicle. *Williams v. MFA Mutual Insurance Company,* 660 S.W.2d 437, 440 (Mo.App.1983).

We do not reach and do not decide the issue of whether plaintiff was an insured on either Great West policy. Neither policy named him as an insured for purposes of liability coverage.

The judgment is affirmed.

AHRENS, P.J., and SIMON, J., concur.