Beverly LIVINGSTON, Appellant,

v.

**OMAHA PROPERTY AND CASUALTY INSURANCE COMPANY,**
Respondent.

No. WD 51888.

Missouri Court of Appeals,
Western District.

June 25, 1996.

Application to Transfer Denied
Sept. 17, 1996.

John Reddoch, II, Liberty, for appellant.

Ryan Karaim, Kansas City, for respondent.

HANNA, Judge.

Plaintiff, Beverly Livingston, brought suit against defendant, Omaha Property and Casualty Insurance Company, seeking compensation under her uninsured motorist coverage for damages that she incurred from the death of her daughter, who was struck and killed by an uninsured motorist. The trial court sustained defendant's motion for summary judgment, and plaintiff appeals.

In November 1994, plaintiff's daughter was a passenger in a car, which was struck by an uninsured motorist. Plaintiff's daughter was killed as a result of the accident. Neither the car owned by plaintiff's daughter, nor the car in which she was a passenger was covered by plaintiff's policy.

Plaintiff was a named insured under her Missouri automobile insurance policy, which contained a provision for uninsured motorist coverage. This provision read as follows:

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury:"

1. Sustained by an "insured;" and

2. Caused by an accident.

The policy defines "bodily injury" as "[b]odily harm, sickness or disease, including death that results." The express terms of this provision require that the bodily injury be sustained by an "insured." Plaintiff's daughter was not a named insured under this policy. Additionally, because the plaintiff's daughter owned her own automobile and was insured with another company, she did not fit within any other definition of "insured" under the policy.

In May 1995, plaintiff filed a wrongful death action against defendant seeking compensation under the provision for uninsured motorist coverage for damages sustained as a result of her daughter's death. Defendant filed a motion for summary judgment arguing that because the policy's language required that an insured party sustain the bodily injury and plaintiff's daughter was not insured under the policy, plaintiff could not recover damages as a result of her death. The trial court sustained defendant's motion.

The language of the policy expressly requires that the "bodily injury" be sustained by an insured. This exact language has been found by the Missouri Supreme Court to be clear and unambiguous. *Peters v. Farmers Ins. Co., Inc.,* 726 S.W.2d 749, 752 (Mo. banc 1987). Plaintiff concedes that her daughter was not an insured under the policy. The plaintiff also concedes that she received no bodily injury in the collision. Consequently, under the express language of the policy, plaintiff is not entitled to recover from her own uninsured motorist policy for the wrongful death of her daughter.

On appeal, however, plaintiff argues that the language in the policy limiting uninsured motorist coverage to bodily injury sustained by an insured violates § 379.203, RSMo 1994. Plaintiff complains that because the policy language attempts to narrow the coverage mandated in § 379.203, it is against public policy and is void.

Section 379.203 requires uninsured motorist coverage in every automobile liability policy. This provision provides, in pertinent part:

1. No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued ... unless coverage is provided ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

Plaintiff asserts that this statute prohibits an insurance policy from limiting coverage to situations where the bodily injury or death is sustained by an insured. Rather, she con-

tends that it mandates coverage whenever an insured has damages that he or she is legally entitled to recover, even if the bodily injury is sustained by an uninsured. Thus, plaintiff argues that because she is legally entitled under § 537.080.1 to recover for the wrongful death of her daughter, § 379.203 requires that the defendant provide plaintiff uninsured motorist coverage. She contends that the policy language, "sustained by the insured," is repugnant to § 379.203. The issue presented is whether under § 379.203, as a matter of public policy, an insured is entitled to recover under her uninsured motorist coverage for damages sustained by another for whom the insured is legally entitled to recover, but who is not an insured under the policy.

Statutory interpretation is a question of law. *Barry Serv. Agency Co. v. Manning*, 891 S.W.2d 882, 890 (Mo.App.1995). When interpreting a statute, our primary role is to ascertain the intent of the legislature from the language used in the statute and, whenever possible, to give effect to that intent. *Sullivan v. Carlisle*, 851 S.W.2d 510, 512 (Mo. banc 1993).

The purpose of § 379.203 is to provide coverage to an insured who is injured as a result of the tortious act of a motorist operating an uninsured motor vehicle. *Richardson v. Farm Bureau Town & Country Ins. Co.*, 899 S.W.2d 119, 120 (Mo.App.1995). As it applies to wrongful death claims, uninsured motorist coverage is intended to provide indemnity for damages resulting from *an insured's* wrongful death payable to whatever person or persons may be entitled to bring an action under § 537.080. *Cobb v. State Sec. Ins. Co.*, 576 S.W.2d 726, 736 (Mo. banc 1979), *citing Sterns v. M.F.A. Mut. Ins. Co.*, 401 S.W.2d 510, 517 (Mo.App.1966). Given this purpose, we do not believe that plaintiff's construction is a reasonable one. We presume that the legislature intended a logical result, not an unreasonable result. *State ex rel. Lebeau v. Kelly*, 697 S.W.2d 312, 315 (Mo.App.1985). The public policy contention has not extended coverage under the parent's insurance policy to a son who was a member of his parent's household and who owned his own vehicle, *Famuliner v. Farm-*

*ers Ins. Co.*, 619 S.W.2d 894, 899 (Mo.App. 1981), or to a son who was not a resident of his father's household under his father's uninsured motorist coverage. *Elder v. Metropolitan Prop. and Casualty Co.*, 851 S.W.2d 557, 562 (Mo.App.1993). To accept plaintiff's interpretation, would permit plaintiff to recover under her uninsured motorist policy for the death of any person from whom she is legally entitled to bring a claim under the wrongful death statute, such as the death of her children, any lineal decedents, her brothers and sisters, her parents, or any other descendant. It would provide coverage by plaintiff's insurance company for hazards associated with the operation of the vehicles of all of these individuals, none of whom are insured under her policy. While uninsured motorist coverage is to be given a liberal interpretation, coverage should not be created where there is none. *Id.*

In a situation such as the one presented here, the legislature contemplated that the survivors of a person killed in an accident with an uninsured motorist would pursue a claim under the *decedent's* uninsured motorist coverage, rather than the survivors' policy. In fact, here plaintiff did settle with both her daughter's automobile insurance carrier and the insurance carrier of the driver of the car in which the daughter was a passenger.

The language of defendant's uninsured motorist coverage "bodily injury sustained by an insured" does not violate § 379.203. Section 379.203 requires insurance companies to provide uninsured motorist coverage to insured persons who sustain bodily injury. The trial court properly sustained summary judgment in favor of defendant, because plaintiff's daughter was not an insured under the policy and plaintiff did not sustain bodily injury from the collision.

The judgment is affirmed.

LOWENSTEIN, P.J., and SPINDEN, J., concur.