**Holly A. LAVENDER, et al., Plaintiffs–Respondents,**

v.

**STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, Defendant–Appellant.**

No. 20679.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 22, 1996.

Motion for Rehearing or Transfer Denied Nov. 12, 1996.

Application to Transfer Denied Dec. 17, 1996.

Richard G. Steele, Matthew M. Mocherman, Finch, Bradshaw, Strom & Steele, L.C., Cape Girardeau, for defendant-appellant.

Phillip J. Barkett, Jr., Dempster, Barkett, McClellan & Edwards, Sikeston, plaintiffs-respondents.

MONTGOMERY, Chief Judge.

State Automobile Mutual Insurance Company (State) appeals from a $150,000 judgment in favor of Plaintiffs based upon the uninsured motorist coverage in State's automobile insurance policy issued to William Lavender, Sr., and Ruth Lavender (Plain-

tiffs).[1] The pertinent policy language under State's uninsured motorist coverage reads as follows:

We will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury:"

1. Sustained by an "insured;" and

2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle."

In April 1993 Plaintiffs' adult emancipated son, William Lavender, Jr., died in an automobile collision while a passenger in a motor vehicle negligently operated by an uninsured motorist. Afterwards, Plaintiffs brought this action alleging that State was liable under its uninsured motorist coverage for damages Plaintiffs sustained from the death of their son.

Based on stipulated facts, the trial court found in favor of Plaintiffs. Relevant portions of the stipulation before the court follow:

12. That at the time of his death on April 28, 1993, decedent William Lavender, Jr. was not a resident of the household of William Lavender, Sr. and Ruth Lavender.

13. That on April 28, 1993 plaintiffs William Lavender, Sr. and Ruth Lavender were named insureds on Policy No: MAP2842959 issued by State Automobile Insurance Company....

....

16. That decedent William Lavender, Jr., at the time of the accident referred to in plaintiffs' Petition, owned, jointly with his spouse, Catherine Lavender, a 1986 Grand Am automobile ... and also individually owned in his own name a 1978 Ford Bronco....

17. That William Lavender, Jr. was not occupying a vehicle owned by William Lavender, Sr. and Ruth Lavender, nor was he occupying a vehicle insured by defendant State Automobile Insurance Company at the time of the accident referred to in plaintiffs' Petition.

18. That decedent William Lavender, Jr. was not a "resident of the household" of William Lavender, Sr. and Ruth Lavender at the time of the accident referred to in plaintiffs' Petition as that term is defined in the policy issued by defendant State Automobile Mutual Insurance Company.

19. That decedent William Lavender, Jr., was not an "insured" as that term is defined in III, Part C—Uninsured Motorist Coverage of the policy issued by defendant State Automobile Insurance Company to William Lavender, Sr. and Ruth Lavender.

20. That decedent William Lavender, Jr. was not a "family member" of William Lavender, Sr. and Ruth Lavender, as that term is defined in Paragraph F on page 1 of the policy issued to William Lavender, Sr. and Ruth Lavender.

21. That no plaintiff named in the pending cause of action sustained a "bodily injury" as that term is defined in the policy issued to William Lavender, Sr. and Ruth Lavender and the sole bodily injury and subsequent death arising out of the automobile accident of April 28, 1993 was sustained by William Lavender, Jr.

State's policy defines "bodily injury" as "bodily harm, sickness or disease including death that results."

State's dispositive point alleges that there is no uninsured motorist coverage under its policy applicable to the death of Plaintiffs' son in that (1) Plaintiffs, the insureds, suffered no bodily injury, and (2) decedent was not an "insured," was not a "resident" of Plaintiffs' household, and was not Plaintiffs' "family member" under the various definitions in State's policy.

Plaintiffs argue that the "insuring agreement" of State's policy provides coverage to them for damages caused by the negligence

1. Use of the word Plaintiffs in this opinion refers to William J. Lavender Sr., and Ruth Lavender, unless otherwise noted. The other plaintiffs in this wrongful death case are the widow and children of William Lavender, Jr. His parents brought suit for themselves and for the use and benefit of those parties entitled to sue under § 537.080, RSMo 1994.

of an uninsured motorist regardless of whether Plaintiffs sustained bodily injury and, alternatively, that the "insuring agreement" is ambiguous as to whether the Plaintiffs must suffer "damages" or "bodily injury" in order to recover under the uninsured motorist coverage. Thus, according to Plaintiffs, this ambiguity must be construed against State to permit recovery for "damages" they sustained.

Plaintiffs further argue that coverage exists under the uninsured motorist provision of the policy as a matter of public policy. They say that limiting uninsured motorist coverage to bodily injury sustained by an insured violates § 379.203, RSMo 1994.

The Western District of this Court has recently held contrary to both of Plaintiffs' arguments in *Livingston v. Omaha Property and Casualty Ins. Co.*, 927 S.W.2d 444 (Mo. App.1996). The facts and the uninsured motorist coverage language in *Livingston* are almost identical to the circumstances in this case.

In *Livingston,* plaintiff's daughter was killed in an automobile collision with an uninsured motorist. Plaintiff's automobile insurance policy with defendant did not cover the car owned by daughter or the car involved in the collision in which the daughter was a passenger.

Plaintiff, as a named insured, brought a wrongful death suit against defendant seeking compensation under her uninsured motorist coverage for damages she suffered from her daughter's death. The trial court sustained defendant's *motion for summary judgment* based on the terms of plaintiff's uninsured motorist coverage which read as follows:

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury:"

2. Uninsured motorist coverage is required in every automobile liability policy by § 379.203, which provides, in pertinent part:
   1. No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued ... unless coverage is pro-

1. Sustained by an "insured;" and

2. Caused by an accident.

*Id.* at 445.

Defendant successfully argued in the trial court that (1) Plaintiff had no insured motorist coverage unless an insured party sustained bodily injury, and (2) because plaintiff's daughter was not an insured under the policy, plaintiff could not recover damages as a result of her daughter's death.

On appeal, the court held:

The language of the policy expressly requires that the "bodily injury" be sustained by an insured. This exact language has been found by the Missouri Supreme Court to be clear and unambiguous. *Peters v. Farmers Ins. Co., Inc.*, 726 S.W.2d 749, 752 (Mo. banc 1987). Plaintiff concedes that her daughter was not an insured under the policy. The plaintiff also concedes that she received no bodily injury in the collision. Consequently, under the express language of the policy, plaintiff is not entitled to recover from her own uninsured motorist policy for the wrongful death of her daughter.

*Id.*

Plaintiff further argued on appeal that the policy language limiting uninsured motorist coverage to bodily injury sustained by an insured violates § 379.203, RSMo 1994,[2] and therefore, the policy language was against public policy and void.

On this point, *Livingston* described the issue as "whether under § 379.203, as a matter of public policy, an insured is entitled to recover under her uninsured motorist coverage for damages sustained by another for whom the insured is legally entitled to recover, but who is not an insured under the policy." *Id.* at 446.

After reviewing the appellate court's role in statutory interpretation and discussing the purpose of § 379.203, the court upheld the

vided ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

summary judgment deciding that the "language of defendant's uninsured motorist coverage 'bodily injury sustained by an insured' does not violate § 379.203. Section 379.203 requires insurance companies to provide uninsured motorist coverage to insured persons who sustain bodily injury." *Id.* The court further declared that "[i]n a situation such as the one presented here, the legislature contemplated that the survivors of a person killed in an accident with an uninsured motorist would pursue a claim under the *decedent's* uninsured motorist coverage, rather than the survivors' policy." *Id.*

Plaintiffs say *Livingston* incorrectly decided the issues on policy interpretation and public policy. Contrary to Plaintiffs' assertions, we believe *Livingston* is sound and should be followed.

### Policy Interpretation

■ In deciding that the uninsured motorist coverage unambiguously requires that bodily injury be sustained by an insured, *Livingston* relied only on *Peters v. Farmers Ins. Co., Inc.,* 726 S.W.2d 749 (Mo. banc 1987). Plaintiffs suggest that *Livingston* ignored the holding of *Cano v. Travelers Ins. Co.,* 656 S.W.2d 266 (Mo. banc 1983), and erroneously followed *Peters.* We disagree.

It is impossible to read the *Peters* case and ignore the holding in *Cano.* The Supreme Court in *Peters* dealt solely with the distinctions between the policy language found ambiguous in *Cano* and the policy language in question.

The relevant policy language found unambiguous in *Peters* reads as follows:

To pay all sums which the owner or operator of an uninsured motor vehicle would be legally responsible to pay as damages to the insured because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, mainte-

nance or use of such uninsured motor vehicle; . . . .

726 S.W.2d at 751. The Supreme Court said this language "bears a superficial resemblance to the language which we found ambiguous in *Cano,* but there is a significant difference. In *Cano,* the policy referred to 'damages because of bodily injury sustained by one person.' We held that 'sustained' could be read as applying either to 'damages' or to 'bodily injury,' and opted for the construction favorable to the insured. The present language reads, 'damages to the insured because of bodily injury sustained by the insured.' This language does not admit of the *Cano* construction. . . ." *Id.* at 751–52.

The policy language before us is much closer to that found in *Peters* than in *Cano.* Therefore, we do not disagree with *Livingston.*

We determine that the policy language in this case expressly requires that "bodily injury" be sustained by an "insured." This language is unambiguous. William Lavender, Jr., was not an insured under the policy, and Plaintiffs received no bodily injury in the accident. Accordingly, under the express policy language Plaintiffs are not entitled to recover under their own uninsured motorist policy for the wrongful death of their son.[3]

### Public Policy

■ Plaintiffs condemn *Livingston* for ignoring the public policy in Missouri in favor of uninsured motorist coverage. In deciding against plaintiff, *Livingston* observed that the "public policy contention has not extended coverage under the parent's insurance policy to a son who was a member of his parent's household and who owned his own vehicle, *Famuliner v. Farmers Ins. Co.,* 619 S.W.2d 894, 899 (Mo.App.1981), or to a son who was not a resident of his father's household under his father's uninsured motorist coverage. *Elder v. Metropolitan Prop. and*

---

**3.** Plaintiffs attempt to distinguish *Livingston* from this case by noting that the last sentence in State's policy pertaining to uninsured motorist coverage, quoted on page 2 of this opinion, refers to "liability for these damages." Plaintiffs suggest the policy in *Livingston* did not contain this language. Therefore, Plaintiffs argue that this additional language requires us to reach a result

different from *Livingston.* However, Plaintiffs cite no authority to support this position. The mention of "damages" in the last sentence of State's policy pertaining to uninsured motorist coverage clearly refers to an insured's damage because of bodily injury sustained by an insured. Accordingly, we reject this argument.

Casualty Co., 851 S.W.2d 557, 562 (Mo.App. 1993)." 927 S.W.2d at 446.

Plaintiffs argue that *Famuliner* has been overruled as to the named insured by *Shepherd v. American States Ins. Co.*, 671 S.W.2d 777 (Mo. banc 1984). Plaintiffs misread *Shepherd.* The Supreme Court in *Shepherd* only said that *Famuliner* failed to support the insurance company's position. *Id.* at 780.

Plaintiffs also say that *Elder* "deals with the situation of primary injury rather than a death claim and is not persuasive." They fail to explain why *Elder* is not persuasive in the conclusion reached by *Livingston.*

After citing *Famuliner* and *Elder,* the court in *Livingston* said:

> To accept plaintiff's interpretation [of § 379.203], would permit plaintiff to recover under her uninsured motorist policy for the death of any person from whom she is legally entitled to bring a claim under the wrongful death statute, such as the death of her children, any lineal descendants, her brothers and sisters, her parents, or any other descendent.

927 S.W.2d at 446. We agree with *Livingston* that such an interpretation creates coverage where none exists. In so holding, we are mindful that uninsured motorist coverage is required to be given a liberal interpretation, but coverage should not be created where there is none. *Elder,* 851 S.W.2d at 562.

We hold that the language of State's uninsured motorist coverage, "bodily injury sustained by an insured," does not violate § 379.203 because the statute only requires insurance companies to provide uninsured motorist coverage to insured persons who sustain bodily injury.

Our review of this case is governed by Rule 73.01(c) and the principles enunciated in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). We must affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 32.

The trial court erroneously applied the law in determining that Plaintiffs' wrongful death claim fell within the terms of their uninsured motorist coverage. Therefore, the judgment is reversed, and the case is remanded for entry of judgment in favor of State.

PARRISH and SHRUM, JJ., concur.