Thornton **WHITE** and Ethel L. White, his wife, Plaintiffs/Appellants,

v.

**ILLINOIS FOUNDERS INSURANCE COMPANY,** Defendant/Respondent.

No. ED 78680.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 7, 2001.

Stephen J. Nangle, St. Louis, for Appellant.

James E. DeFranco, Matthew C. Zittel, Belleville, IL, for Respondent.

CRAHAN, Judge.

Appellants Thornton White, Sr. ("Husband") and Ethel White ("Wife") appeal the judgment entered in favor of respondent Illinois Founders Insurance Company ("Illinois Founders") on their claim for uninsured motorist coverage.. We affirm.

The case was submitted to the trial court on a stipulated record. Husband was operating his motor vehicle when he was involved in a collision with an uninsured driver. Husband filed an accident report with the Director of Revenue, who determined that the uninsured driver was 100% at fault.

At the time of the accident, Husband was driving his own vehicle, which was insured by Progressive Insurance Company ("Progressive"). Husband carried uninsured motorist coverage in the amount of $25,000. Progressive paid the entire $25,000, as Husband's damages exceeded that amount. Wife also owned a vehicle and carried a policy issued by Illinois Founders on her vehicle which provided uninsured motorist coverage.

■ The only provision of Wife's policy relevant to this appeal appears on the policy declaration page. It provides as follows:

* * *EXCLUDED DRIVER(S) ENDORSEMENT:* * *

ALL coverage afforded by this policy is void and shall not apply to any claim or suit which occurs as the result of any auto being operated by the following person(s):
THORNTON WHITE SR
THORNTON WHITE JR

Husband applied for uninsured motorist benefits under Wife's insurance policy and was denied coverage. Husband and Wife filed the instant action for declaratory judgment alleging that the policy violated the public policy of Missouri and sought a declaration that Husband was entitled to uninsured motorist coverage. The trial court entered judgment in favor of Illinois Founders.

■ On appeal, Husband and Wife first contend that conflicting definitional language in the body of the policy itself gives rise to an ambiguity which, if construed in their favor, would make Husband a named insured for purposes of uninsured motorist coverage. The problem with this contention is that such a construction of the policy would at best create a conflict between the language of the policy and the Excluded Driver(s) Endorsement set forth above. The endorsement is not ambiguous and unequivocally excludes Husband from any coverage whatsoever. It is well established that if the language of an endorsement conflicts with language found in the general provisions of an insurance policy, the language found in the endorsement will prevail. *Shields v. Farmers Ins. Co.,* 948 S.W.2d 247, 249 (Mo.App.1997). Point denied.

Husband and Wife next contend that Illinois Founders waived its right to assert the Excluded Driver(s) Endorsement as a defense by its initial denial of coverage on other specified grounds. The trial court found neither estoppel nor waiver applied because there was no evidence that Husband or Wife suffered any prejudice and

there was no indication in the record that Illinois Founders intended to waive its right to assert other defenses. These findings are consistent with the record. Point denied.

■ Finally, Husband and Wife urge that the Excluded Driver(s) Endorsement is unenforceable because it violates the public policy embodied in the uninsured motorist statute, section 379.203.1 RSMo 1994,[1] as interpreted by the Missouri Supreme Court and the Missouri General Assembly. We disagree.

■ An insurance clause violates public policy and is rendered unenforceable only to the extent it violates the Motor Vehicle Financial Responsibility Law (MVFRL), Chapter 303 RSMo 1994. *Halpin v.* *American Family Mut. Ins. Co.,* 823 S.W.2d 479, 482–83 (Mo. banc 1992). Under the MVFRL, motor vehicle owners may discharge their obligations either by maintaining financial responsibility as provided in section 303.160 RSMo 1994 or with a motor vehicle liability policy which conforms to the requirements of the laws of this state. Section 303.025.2 RSMo 1994.

■ Section 303.190 RSMo 1994[2] sets forth the requirements for two types of liability policies authorized in the state of Missouri, an "owner's" policy and an "operator's" policy. The policy at issue in this case is an owner's policy which explicitly provides insurance for Wife's vehicle. It

1. Section 379.203.1 RSMo 1994 provides, in pertinent part:

1. No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto,... ...is not less than the limits for bodily injury or death set forth in section 303.030, RSMo, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom...

2. Section 303.190 RSMo 1994 provides, in pertinent part:

1. A "motor vehicle liability policy" as said term is used in this chapter shall mean an owner's or an operator's policy of liability insurance, certified as provided in section 303.170 or section 303.180 as proof of financial responsibility, and issued, except as otherwise provided in section 303.180 by an insurance carrier duly authorized to transact business in this state, to or for the benefit of the person named therein as insured.

2. Such owner's policy of liability insurance:

(1) Shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted, and

(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits, exclusive of interest and costs, with respect to each such motor vehicle, as follows: twenty-five thousand dollars because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, fifty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and ten thousand dollars because of injury to or destruction of property of others in any one accident.

3. Such operator's policy of liability insurance shall insure the person named as insured therein against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him, within the said territorial limits and subject to the same limits of liability as are set forth above with respect to any owner's policy of liability insurance.

does not in any manner purport to provide coverage for Husband's vehicle. By its express terms, the statute only requires liability coverage for the named insured or any other person using the specified vehicle with express or implied consent of the named insured against loss from the liability imposed by law for damages "arising out of the ownership, maintenance or use" of the vehicle or vehicle specified in the policy. Section 303.190(2) RSMo 1994.

The uninsured motorist statute, section 379.203 RSMo 1994, requires only that all policies of liability insurance must also include uninsured motorist coverage to "persons insured thereunder." *Lair v. American Family Mutual Ins. Co.*, 789 S.W.2d 30, 33 (Mo. banc 1990) (quoting *Famuliner v. Farmers Ins. Co.*, 619 S.W.2d 894, 897 (Mo.App.1981)). Inasmuch as Husband is unequivocally excluded as an insured by the express terms of the Excluded Driver(s) Endorsement to Wife's policy and there is no requirement in the MVFRL that Wife's owner's policy of liability extend liability coverage to persons owning, using or maintaining a vehicle other than the vehicle specified in her policy, there is likewise no requirement that Wife's policy extend uninsured motorists coverage for damages resulting from the ownership, use or maintenance of such other vehicles.

Husband and Wife cite two cases for the proposition that the named driver exclusion is invalid because it violates public policy, *Halpin v. American Family Mutual Ins. Co.*, 823 S.W.2d 479 (Mo. banc 1992), and *Ingram v. Shelter Mutual Ins. Co.*, 922 S.W.2d 854 (Mo.App.1996). However, those cases are inapposite because they involve exclusions from liability coverage for operation of a vehicle specified in the policy, not uninsured motorist coverage of a vehicle not specified in the policy.

In *Halpin,* the insured caused an accident in which her children, who were in the car with her, were injured. 823 S.W.2d at 480. The insurer attempted to enforce a household exclusion which would have prevented the insured's children from recovering benefits as a result of the insured's liability. *Id.* The court held such an exclusion violated public policy, noting the following:

The plain purpose of the 1986 amendment is to make sure that people who are injured on the highways may collect damage awards, within limits, against negligent motor vehicle operators. This protection extends to occupants of the insured vehicle as well as to operators and occupants of other vehicles and pedestrians. The purpose would be incompletely fulfilled if the household exclusion clause were fully enforced.

*Id.* at 482.

In *Ingram,* the insured's son was driving the insured vehicle when he injured other motorists. 922 S.W.2d at 855. The insurer denied coverage on the grounds that the policy excluded coverage if an automobile was driven by insured's son. *Id.* The court held the following:

*Halpin* declared the purpose of the 1986 legislation was to require motor vehicle liability policies to provide coverage coextensive with liability. Shelter would defeat that purpose if it were permitted to identify, by policy endorsement, persons who, when operating a covered vehicle, would not be afforded liability coverage. Enforcement of the endorsement would violate Missouri's policy of assuring that people who are injured on the highways may collect damage awards, within statutory limits, against negligent vehicle operators.

*Id.* at 857.

More analogous to the present facts is *Lair v. American Family Mut. Ins. Co., supra.* In that case, Stephen Lair, a pas-

senger in the car of an uninsured driver, was injured in a one-car accident. 789 S.W.2d at 31. The Lair family owned three automobiles and carried American Family policies on each one. *Id.* One policy was in Stephen Lair's name for the auto he owned jointly with his father. *Id.* However, the other policies named his parents as insureds on the two other vehicles that they owned. *Id.* All three policies contained language limiting the uninsured motorist coverage to the named insured and certain relatives. *Id.* at 32. The term relative was defined, among other things, as a person living in the household but specifically excluded a person who owned a car. *Id.*

Stephen Lair commenced an action against American Family under the uninsured motorist provisions of all three policies, attempting to stack the uninsured motorist coverage on each policy. *Id.* at 31. The trial court found that he was entitled to recover $25,000, the per person limit of his policy's uninsured motorist coverage, but found that because he was the owner of a car at the time of the accident, he was excluded from coverage under his parent's uninsured motorist coverage. *Id.* at 32. On appeal, the Missouri Supreme Court affirmed, holding that section 379.203 only required extension of uninsured motorist coverage to persons insured under the terms of the liability policy and that the exclusion of uninsured motorist coverage for Stephen while operating his own vehicle and not a vehicle specified in his parents' policies did not violate public policy. *Id.* at 33.

Subsequent cases involving excluded driver endorsements are consistent with this interpretation, enforcing the exclusion as to the specified driver to deny coverage not required by the MVFRL even though the exclusion might otherwise be partially invalid if applied to exclude liability or uninsured motorist coverage for operation of the insured vehicle. See, e.g., *Mercantile Bank of St. Louis v. Benny,* 978 S.W.2d 840, 845–46 (Mo.App.1998) (collision coverage); *Tinch v. State Farm Ins. Co.,* 16 S.W.3d 747, 752 (Mo.App.2000) (medical expense coverage). Accordingly, because nothing in the MVFRL required Wife's owner's policy of insurance to extend liability coverage to Husband with respect to liability arising out of his use of his own vehicle, enforcement of the Excluded Driver(s) Endorsement to deny him uninsured motorist coverage for damages arising out of his use of his own vehicle does not violate the MVFRL or section 379.203 and does not contravene public policy.[3]

For the foregoing reasons, we affirm the judgment of the trial court.

GARY M. GAERTNER, P.J., and DRAPER, J., concur.

---

**3.** We further reject Husband and Wife's contention that a recent amendment to the MVFRL, section 303.190.2(3) RSMo 2000, can be interpreted to suggest that the legislature contemplated a contrary result in the case. That amendment expressly authorizes exclusions of specified family members from liability coverage on the specified insured vehicle. Because that amendment was enacted after this action occurred and does not purport to extend the requirements of the MVFRL with respect to ownership use or maintenance of vehicles other than those specified in the policy, it has no application to this case.