Addrea STEWART, as Representative of the Wrongful Death Class with Respect to Brendan Johnson, Appellant,

v.

Mark ROYAL, Defendant,

American Family Mutual Insurance Company, Respondent.

No. WD 72604.

Missouri Court of Appeals, Western District.

July 12, 2011.

Mark Eldon Meyer, Kansas City, MO, for appellant.

Leah Marie Mason, Kansas City, MO, for respondent.

Division Four: LISA WHITE HARDWICK, P.J., JAMES M. SMART, JR., J., and GREGORY B. GILLIS, Sp.J.

JAMES M. SMART, JR., Judge.

Addrea Stewart appeals the circuit court's grant of summary judgment in favor of the Respondent, American Family Mutual Insurance Company ("American

Family"), denying uninsured motorist coverage for the death of her son under her automobile insurance policy. We affirm the grant of summary judgment.

### Statement of Facts

On November 2, 2006, Brendan Johnson was killed when a vehicle driven by Mark Royal collided with the 1991 Chevrolet Cavalier owned and driven by Johnson. Royal was intoxicated at the time of the accident, and it is undisputed that his negligence caused Johnson's death. Royal's vehicle was an uninsured motor vehicle within the meaning of the policy of insurance at issue and Missouri law. At the time of the collision, Johnson's Cavalier also was not covered by an automobile insurance policy.

Addrea Stewart is the surviving mother of Johnson, who died without issue. Stewart brought this uninsured motorist claim against American Family, not as the executor of the estate of Brendan Johnson, but as a person statutorily entitled to prosecute a claim under the wrongful death act, section 537.080 RSMo.[1]

At the time of the accident, Johnson resided with Stewart. Stewart owned a Ford Explorer which was insured by American Family. The policy on the Explorer provided uninsured motorist ("UM") coverage with limits of $100,000 per person/$300,000 per occurrence. The Stewart policy provides as follows with respect to UM coverage:

> We will pay compensatory damages for **bodily injury** which an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle.** The **bodily injury** must be sustained by an **insured person** and must be caused by accident and arise out of the **use** of an **uninsured motor vehicle.**

The UM portion of the policy defines "**insured person**" as:

> a. **You** or a **relative.**
>
> b. Anyone else **occupying your insured car.**

The "Definitions Used Throughout the Policy" section states in pertinent part as follows:

> 2. **Bodily injury** means bodily injury to or sickness, disease or death of any person.
>
> . . . .
>
> 7. **Relative** means a person living in **your** household, related to you by blood, marriage or adoption. . . . . It excludes any person who . . . owns a motor vehicle other than an off-road motor vehicle.

In Count II of her petition (Count I was against Royal), Stewart sought UM benefits for the death of her son under the UM provisions of the Stewart policy. American Family filed a motion for summary judgment, relying on the "named driver exclusion" ("NDE") endorsement that named Johnson as an excluded driver. The NDE was added to the policy after its original issuance to Stewart due to the termination of coverage for Johnson and for his vehicle. The exclusion was in effect on the date of the accident. It reads as follows:

> To issue or continue this policy, I agree that the following exclusion is added:
>
> **This policy does not apply under any of the coverages to any vehicle in the care, custody or control of, or while operated by Brendan Johnson.** . . . . **All other terms, agreement, conditions and provisions remain unchanged.**

---

1. Statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2010

Cumulative Supplement.

Stewart opposed the granting of summary judgment. The trial court relied on the NDE endorsement, stating that "the [Stewart] policy does not apply to any of the coverages if Brendan Johnson is driving." The court granted summary judgment for American Family. Stewart appeals.

### Standard of Review

This court's review of a trial court's grant of a motion for summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We review the whole record in the light most favorable to the non-moving party, and the non-moving party is to be given the benefit of all reasonable inferences. *Id.*; *see also Mothershead v. Greenbriar Country Club, Inc.*, 994 S.W.2d 80, 85 (Mo.App.1999). Summary judgment is proper when the moving party has demonstrated that there is no genuine issue of material fact and that judgment is proper as a matter of law. *Wallingsford v. City of Maplewood*, 287 S.W.3d 682, 685 (Mo. banc 2009).

### Analysis

Stewart's Point Relied On recites that the court erred because Stewart was entitled to recover damages under the policy for her "bodily injuries," including her wrongful death damages resulting from the accident. She does not, in the Point Relied On, specifically address the exclusion relied on by the trial court. Instead, she states in her Point Relied On that the court erred because Ms. Stewart was entitled to recover damages caused by an uninsured motorist for *her* bodily injuries (including her wrongful death damages) resulting from the accident. She goes on, however, in the argument portion of the brief, to discuss the exclusion on which the trial court relied in granting summary judgment. Stewart, in addressing the language of the exclusion, says, in part:

The exclusion relied upon by American Family [ ] and the trial court is irrelevant and inapplicable in the instant case because the excluded driver, Brendan Johnson, is not Ms. Stewart. Addrea Stewart is a named insured who is making a claim against her policy for her damages. Accordingly, the named driver exclusion is inapplicable.

In addition, the named driver exclusion states that the policy and it[s] coverages do not apply "to any vehicle" operated by Brendan Johnson. Construing this language against the insurer, as the Court must, one must conclude that the coverages excluded are only those relating to the vehicle, such as property damage coverage, and not coverages relating to bodily injury. Coverage related to any vehicle is specifically excluded. Coverage for bodily injury suffered by "any person" is not mentioned. Accordingly, giving the language of the exclusion its plain and ordinary meaning, and construing this limitation on coverage against the insurer, one must conclude that the phrase "to any vehicle" limits the applicability of the exclusion to property damage coverage.

Although it would have been proper briefing under Rule 84.04 to have addressed the exclusion in the Point Relied On, we are able to discern the arguments and will *ex gratia* consider the contentions on appeal. Stewart is claiming that she is the injured "insured person" making a claim under her own policy. She says that she, as a named insured, is covered under the uninsured motorist coverage of the policy for wrongful death damages with respect to the death of any person as to whom she is entitled to bring a wrongful death claim.

Stewart also points out that the exclusion is inapplicable because it says the coverages do not apply "to any vehicle" operated by Johnson. She points out that she is not making a claim for damage "to a vehicle" driven by Johnson, nor is she is making a claim under any coverage to Johnson's Chevrolet Cavalier, which had none. Stewart also says the excluded driver endorsement is ambiguous when read with the broad definition of bodily injury within the insurance agreement. She says the "to any vehicle" language is ambiguous and must be construed against the insurer.

American Family first responds to Stewart's arguments by emphasizing that Johnson was not an **insured person** under the policy. American Family also argues that the intent of the NDE endorsement is to exclude *all* coverage under the policy if Johnson is driving.

American Family points to the fact that the UM coverage provides that the "bodily injury must be sustained by an **insured person.**" American Family maintains that Johnson was not an **insured person,** and he was specifically excluded under the policy, meaning no recovery is available for Stewart. American Family also points out that Stewart, who *is* an **insured person,** did not suffer "bodily injury" herself. Her son was the person who suffered "bodily injury," and the policy requires that the person sustaining the "bodily injury" be a person who is an **insured person** under the policy.

### Named Driver Exclusion

We turn first to the issue of the NDE, which was relied upon by the trial court in granting summary judgment. Section 303.190.2(3), RSMo 2000, provides that a motor vehicle liability policy "[m]ay exclude coverage against loss from liability imposed by law for damages arising out of the use of such motor vehicles by a member of the named insured's household who is a specifically excluded driver in the policy." There are "no public policy considerations [that] prohibit an insurance policy provision excluding a named insured from coverage under the policy." *Am. Family Mut. Ins. Co. v. Ward,* 789 S.W.2d 791, 794 (Mo. banc 1990) (citing *Cameron Mut. Ins. Co. v. Proctor,* 758 S.W.2d 67, 70 (Mo.App. 1988)); *see also Yates v. Progressive Preferred Ins. Co.,* 331 S.W.3d 324, 331 (Mo. App.2011). We note that the statutory provision for the NDE does not mention UM coverage, but only liability coverage. Neither party addresses the possible linkage between the American Family NDE and the statutory language.

Specific statutory authorization or not, however, it is clear that under contract principles an insurer can, by clear language, deny UM coverage to a specific excluded person for claims arising from driving. American Family points to *White v. Illinois Founders Insurance Co.,* 52 S.W.3d 597 (Mo.App.2001). American Family states that in *White* the court held that the named excluded driver was not an **insured person** under the policy due to the endorsement. In *White,* the UM claimant, who was married, owned a car insured by Progressive, while his wife owned a car insured by defendant Illinois Founders. *Id.* at 598. While the husband was driving his own vehicle, he was involved in an accident with an uninsured motorist, who was at fault. The husband collected pursuant to his own UM coverage and then sought UM benefits under his wife's policy. *Id.* The defendant insurer defended the claim on the ground that, among other possible defenses, the claim was excluded by the following excluded driver endorsement:

> **ALL** coverage afforded by this policy is void and shall not apply to any claim or suit which occurs as the result of any

auto being operated by the following person(s):

Thornton White Sr.

Thornton White Jr.

*Id.* The court held that the endorsement was not ambiguous and unequivocally excludes husband from any coverage whatsoever. *Id. White* demonstrates that the courts will enforce a "named driver exclusion" when it clearly excludes coverage when any named excluded person is driving.

The language of the exclusion here does not exactly seem to equate to the simplicity and clarity of that in *White.* The endorsement here says:

**This policy does not apply under any of the coverages to any vehicle in the care, custody or control of, or while operated by Brendan Johnson.**

The language seems like an awkward statement of exclusion to the extent that it has anything to do with *UM* coverage. Compare that language to the simplicity of the statement in *White* that:

***ALL coverage* afforded by this policy is *void* and *shall not apply* to *any claim* or suit which occurs as the result of any auto being operated by:**

(Emphasis added.) Mr. White, in that case, was providing separate insurance for himself and for his son under a policy issued by Progressive. Mr. White could obtain whatever UM benefits he wanted under his own policy, with whatever limits he wanted. So, as we can see from the language of the exclusion, the company excluded him from "ALL" coverages as to any claim arising out of his driving. He would thus be required to rely for protection upon any coverage he purchased under his own policy.

A similar result as to a claim under the "medical payments" provision of a policy was reached in *Tinch v. State Farm Insurance Co.,* 16 S.W.3d 747, 749 (Mo.App. 2000).

The NDE there said that:

**[W]e shall not be liable and no liability or obligation of any kind shall attach to us for any bodily injury loss or damage under any of the coverages of the policy while any motor vehicle is operated by Horace A. Tinch.**

*Id.* The court held that this provision effectively barred a claim by Mr. Tinch for medical expenses under the "med pay" provision of the policy. *Id.* at 752. We see some language similarity between the NDE in *Tinch* and the NDE in *this* case, though, again, the one in *Tinch* is clearer. The exclusion in *Tinch* says that the insurer shall not be liable or have an obligation *of any kind* for loss or damage from the operation of a vehicle by the excluded named driver. It speaks of the inapplicability of *any* "coverages of *the policy* while any motor vehicle is operated by Horace A. Tinch." (Emphasis added.) In contrast, the NDE in this case does not talk about "coverages of the policy"; it talks about "coverages *to any vehicle* [driven by] Brendan Johnson." Unless the language "coverage to any vehicle" is intended to mean coverage to *any vehicle insured under this policy,* it makes no sense. In other words, if Johnson had a separate policy of insurance with XYZ Company on his Cavalier, then it is obvious that Stewart would not be suing American Family for a claim against XYZ Company on a policy issued by XYZ. It would not be necessary to say:

**This policy does not apply under any of the coverages to any vehicle in the care, custody or control of, or while operated by Brendan Johnson.**

It would be obvious that *this* policy does not apply to claims made under *another* policy.

We think the American Family NDE makes sense when there is a *liability* claim (as opposed to a UM claim) against the policy as to which the NDE is in effect. For example, in *American Family Mutual Insurance Co. v. St. Clair*, 295 S.W.3d 586 (Mo.App.2009), a passenger's claim was brought against the insured's son where the son was a named excluded driver. Thus, it was a third-party liability claim against a named excluded driver. *Id.* at 590. American Family refused to defend the insured's son and sought a declaration that American Family had no obligation under the contract. *Id.* The court's grant of summary judgment in favor of American Family was upheld. *Id.* at 594. That case makes clear that the NDE protects American Family from having to defend and indemnify against third-party claims when the named excluded driver has been driving at the time of the accident.

There is no case involving the same language as the American Family NDE in this case in the UM context. The *St. Clair* case does not address the issue of UM coverage. *St. Clair* indicates that for purposes of *liability* claims, the American Family NDE is effective in this case to exclude such arising out of Johnson's driving. The question here is whether American Family's NDE excludes a UM claim arising out of Johnson's injuries if Johnson is driving another vehicle (not one insured by American Family) altogether.

American Family wants its own NDE endorsement to be understood to say the same thing as the exclusion in *White*. Stewart suggests that it could be understood as a statement that the policy will not apply to any claims for *property damage* to any vehicle (including any vehicle owned by Stewart) if Johnson is driving at the time of the accident. That suggestion, while perhaps not highly plausible, is an alternative interpretation.

Another possibility is that the language used in the exclusion is unclear and ambiguous as to any possible application to UM coverage because it was drafted with only liability claims in mind. Section 303.190.2(3) provides that an insurer may specifically exclude from *liability coverage* claims for damages "arising out of the use of [an insured vehicle]" by a member of the named insured's household. If the NDE in this case was actually directed to liability claims and not to UM claims, then it would not be surprising that it is difficult to find in the exclusion any application to UM claims. The exclusion is either entirely inapplicable, or, at best, ambiguous because the words simply do not make a good fit with the argument of American Family. We suspect that the NDE in this case does not apply to the UM claim at all. As to UM claims, it is at least ambiguous and, under the doctrine of *contra proferentem*, would be construed against American Family. We determine that the trial court did not correctly grant summary judgment on that basis.

█ That does not end the inquiry, however, in view of the contention of American Family on appeal that Johnson was not an **insured person** under the policy, and in view of the further contention that Ms. Stewart did not suffer **bodily injury** in the fatal collision.

As to the contention of American Family that Johnson was not an **insured person**, American Family does not elaborate as to whether it is making that contention in reliance on any grounds other than the NDE and the fact that Johnson was not a *named* insured.[2]

2. Under the Stewart policy, if there is no applicable NDE, to be an **insured person** who qualifies for UM coverage, a person must be either a named insured or a **relative** residing

American Family, however, also contends on appeal that Ms. Stewart cannot prevail because she was not, as she asserts, **the insured person** who suffered the **bodily injury** as defined by the plain language of the policy. American Family contends that the **bodily injury** here—the physical injuries and death—was not "sustained" by Stewart. The language, says the insurer, cannot be stretched to say that the "bodily injury" was sustained by the surviving family member of the deceased who received the bodily injuries. Stewart did sustain a *loss*—a grievous *loss*—the loss of her son; but the issue is whether *she sustained* the bodily injury, sickness, or death.

In *Livingston v. Omaha Property & Casualty Insurance Co.*, 927 S.W.2d 444, 445–46 (Mo.App.1996), the named insured brought suit against her automobile insurer for UM coverage for "bodily injury" damages she claimed to have sustained as a result of the death of her daughter, who was killed by an uninsured motorist, but who did not qualify as **an insured** under the policy. *Id.* at 445. The named insured's policy expressly required the "bodily injury" be sustained by **an insured.** *Id.* The court found that "under the express language of the policy, [the named insured] is not entitled to recover from her own uninsured motorist policy for the wrongful death of her daughter," because the purpose of UM coverage, in conjunction with section 537.080 RSMo, is to provide indemnity for damages sustained as a result of the wrongful death of *an insured,* not the broader category of anyone related

to the insured. *Id.* at 445–46. The court stated that public policy

> has not extended coverage under the parent's insurance policy to a son who was a member of his parent's household and who owned his own vehicle, *Famuliner v. Farmers Ins. Co.*, 619 S.W.2d 894, 896 (Mo.App.1981), or to a son who was not a resident of his father's household under his father's uninsured motorist coverage. *Elder v. Metropolitan Prop. & Cas. Co.*, 851 S.W.2d 557, 562 (Mo.App.1993). To accept the [named insured]'s interpretation, would permit the [named insured] to recover under her uninsured motorist policy for the death of any person from whom she is legally entitled to bring a claim under the wrongful death statute, such as the death of her children, ... or any other descendant. It would provide coverage by [the] insurance company for hazards associated with the operation of the vehicles of all of these individuals, none of whom are insured under [the named insured's] policy. While uninsured motorist coverage is to be given liberal interpretation, coverage should not be created where there is none.

*Id.* at 446; *see also Lavender v. State Auto. Mut. Ins. Co.*, 933 S.W.2d 888 (Mo.App.1996) (denying coverage where adult child who was killed was not "an insured" under the parents' policy).

Stewart seeks to distinguish *Livingston* and *Lavender* on the ground that *here* the definition of bodily injury is defined as the bodily injury, sickness, or death "*of any person.*" Stewart notes that the policy

---

in the Stewart home *and* who *does not* own a vehicle of his or her own, or he/she must be another person (that is, a person *other than* a relative residing in the Stewart home) who does not own a vehicle and who is **occupying** [the] **insured vehicle** at the time of the collision. *See Lair v. Am. Family Mut. Ins. Co.*,

789 S.W.2d 30, 32 (Mo. banc 1990). American Family recites in its brief that Stewart "does not contest" that Johnson was not an **insured person** under the contract. We did not note the specific concession; but we also did not note that Stewart argued that Johnson was an **insured person.**

language in those cases was different,[3] and argues that here the purpose of this inclusion of the phrase "of any person" must have been to extend the UM coverage to the death of someone who is not otherwise an "insured person" under the policy. We do not agree. Such an interpretation would put the alleged definitional intent in direct conflict with the specific, unambiguous provision requiring that the bodily injury be sustained by an **insured person.** We do not allow a vague or ambiguous definition to overbalance a *specific* unambiguous operative provision enlarging or limiting coverage. The "any person" language could have resulted from the insurer wanting to make clear that it was not insuring against claims for bodily injury sustained by a pet or other animal. Second, it is also obvious that the phrase "bodily injury, sickness or death of any person" would not be at all unusual in an insurance policy as a definition so as to cause the average reader to think that it was an intention to expand coverage dramatically.

Although Stewart argues that the *definition* of **bodily injury** thus seems to include any injury to any person in the world, the average person reading the policy would know that this is, as it says, a definition of a term, and one must look to insuring clauses to see if there are limitations on the extent of the insurer's liability. The definition can be used for various purposes in the policy in contexts such as third-party liability coverage and medical payments coverage. In each case, the phrase "bodily injury" may be used in the policy without having to spell out the entire definition each time.

██ Definitions do not ordinarily in themselves grant coverage; typically they are clarifying and depend on some other provision for a grant of coverage. When the average person looks at the provisions that are specifically in the *UM portion* of the policy, the reader would see the operative language that the "**bodily injury** must be sustained by an **insured person.**" In *Ward v. American Family Insurance Co.,* 783 S.W.2d 921, 923 (Mo.App.1989), the court, in a comment that, though arguably *dictum,* described the apparent meaning of this phrase as requiring "some *physical harm to the person claiming a bodily injury.*" (Emphasis added.) This is consistent with what the cases have decided is the sense of the phrase.

Reading the Stewart policy in conjunction with *Livingston* and *Lavender,* we do not believe the policy language extended UM coverage as Ms. Stewart argues. If Johnson were to qualify as an **insured person** as a person living at home who did not own his own car, a claim for his injuries could be brought under the UM coverage.[4] But it would not be Ms. Stewart's claim for the personal injuries and death suffered by Johnson.

Under Stewart's theory, she could utilize her UM coverage for the death of *any person* as to whom *she* is legally entitled to bring a claim under the wrongful death statute, whether that person is a relative residing with her (within the definition of **insured person**) or not. Thus, hypothetically, Ms. Stewart, a Jackson County resident, could recover under her UM coverage for the death by an uninsured driver of an unmarried sibling living in, say, Cape Girardeau and insured under another policy; or of a similarly deceased mother in St. Louis. The sibling or mother would be the deceased, but Ms. Stewart (under her

---

**3.** The term "bodily injury" in those cases was defined as "bodily harm, sickness or disease, including death that results." *See, e.g., Livingston,* 927 S.W.2d at 445.

**4.** As noted in footnote 2, *supra,* it appears that Johnson, who owned a car, did not qualify as an **insured person** (even disregarding the NDE).

theory) would have "sustained" the death. This is the exact interpretation the courts in *Lavender* and *Livingston* refused to sanction. *See Livingston*, 927 S.W.2d at 446; *Lavender*, 933 S.W.2d at 889–91. Stewart did not suffer the **bodily injury** herself.

### *Conclusion*

The trial court relied on the NDE endorsement as demonstrating that Johnson was not an **insured person.** The NDE, which excludes liability claims arising out of Johnson's operation of an insured vehicle, is, at best, ambiguous as to UM claims brought in connection with bodily injuries sustained by a member of the household. It is therefore construed against American Family and does not (by itself, without referring to other provisions of the policy to see if Johnson was otherwise an **insured person**) bar the making of a UM claim for the bodily injury suffered by Johnson.[5] But if the trial court achieved the right result, we will sustain the judgment on any theory of law dictating that we affirm the trial court. *Business Men's Assurance Co. of Am. v. Graham*, 984 S.W.2d 501, 506 (Mo. banc 1999) ("[We are] primarily concerned with the correctness of the trial court's result, not the route taken by the trial court to reach that result.").

Because American Family is correct that the **bodily injury** was not sustained by Stewart, and because Stewart does not contend that Johnson, who owned a vehicle, was an **insured person,** we conclude that the trial court reached the correct result. We affirm.

All concur.

---

**5.** Section 303.190.2(3), mentioned above, is inapplicable here, because this case does not involve operation of any vehicle insured under the policy.